## SAWYER *versus* KNOWLES.

The appointment of an administrator to be guardian of minor children, interested in the estate, is merely void.

Nor would his appointment as guardian furnish any legal inference that he had been previously discharged from the administratorship.

Proof that a person has been legally appointed to an office or place, furnishes a presumption that he continues to hold it during the term prescribed by law, or until he has been legally discharged.

EXCEPTIONS from the District Court, RICE, J.

ASSUMPSIT upon a note.

Hiram Hill, at his decease, left property to his minor children.

The plaintiff was administrator of his estate.   A guardian was appointed for the children ; but, after serving some time, he resigned the trust.   The plaintiff was then appointed by the Judge of Probate, to be guardian.

There was an indebtedness to the minors, upon an obligation against the defendant.   The plaintiff surrendered the obligation, and received therefor, the note now in suit, made payable to himself.   Prior to the suit, one of the heirs had become of age.

The Judge ruled that the action is not maintainable, unless the taking of the note, upon the surrender of the obligation, was ratified by some one authorized to act in behalf of the minors.   The plaintiff excepted.

*Abbott*, for the plaintiff.

If, in a proper process, it *might* be held that, under the R. S. chap. 110, sect. 6, the administrator could not lawfully be appointed as guardian, yet the plaintiff's appointment as such must stand good, until set aside on *certiorari*.   Whether he was lawfully constituted a guardian is not, *in this suit*, an open question.

The plaintiff was the *acting* guardian.   None of the heirs, though one of them has become of age, has objected to his authority or his acts.   From these facts, and from the further fact that the defendant has never in any other form been called upon to discharge the original obligation, the Judge ought to have left to the jury the question of ratification, in a less restricted form, than that which he adopted.

The note was given to the plaintiff, for property belonging to the children.   If the defendant would rescind the contract, he should have returned the property.

*Webster*, for the defendant.

SHEPLEY, C. J. — The plaintiff was appointed administrator of the estate of Hiram Hill, on April 20, 1836.   After a former guardian of the minor children of Hill had resigned, the plaintiff appears to have been appointed, during the year 1844, their

guardian by the Judge of Probate. Acting in that capacity, he settled, as the jury have found, an obligation made by the defendant to those children, and received therefor the note, upon which this action has been commenced.

It is provided by statute, chap. 110, sect. 6, that "no executor or administrator on an estate shall be appointed guardian to any minor, interested therein." The appointment of the plaintiff as guardian, was therefore void, and his acts as such were void, unless he had before that time ceased to be administrator of their father's estate. *Conkey* v. *Kingman,* 24 Pick. 115.

The obligation surrendered to the defendant, would be still binding upon him, and he might be compelled to pay it to any person lawfully authorized to enforce it.

The note having been made payable to one having no lawful authority to adjust and deliver up that obligation, was without consideration. To this it is objected, that the defendant must by law be presumed to have been discharged from his trust as administrator, before he was appointed guardian.

If such were the presumption of law, the production by an administrator, of his letter of administration, or of a copy of the record of his appointment would, after the lapse of a few years, be insufficient proof that he sustained that character; and one does not readily perceive, how he could produce proof, that he had not been discharged.

When there is proof, that a person has been legally appointed to an office or place of trust, the presumption of law is, that he continues to hold it during the term prescribed by law, or until he has been legally discharged.

It is not perceived, that the instructions respecting a ratification were too restricted; or that the defendant was estopped to make this defence, because he had not returned the obligation. *Exceptions overruled.*