## PERKINS, DOE & CO. v. HARRY BRADLEY.

*Agent and Treasurer of Companies. Their Authority and Acts.*
*Indorsement. Declaration.*

The general Agent or Treasurer of a corporation or joint stock company, have the right to negotiate notes and bills taken in his name of office, and where it appears that such companies intrust their treasurer or general agent to take notes, and he indorses them, his acts will bind the company.

And this authority is to be implied from his being treasurer of the company, and intrusted with the notes of the company, and their being made payable to him.

And in declaring, it is sufficient to describe the history of the plaintiff's title to the note, without setting forth the authority of the treasurer.

And it would be sufficient description of the indorsement to say "and by them indorsed to the plaintiff." So, also, it would be sufficient to say "that the agent of said company indorsed said note to the plaintiff," without describing said agent, or his authority.

ASSUMPSIT upon a promissory note for one thousand dollars, dated April 3, 1849, executed by the defendant and made payable six months after date thereof, for value received, to the order of the treasurer of the Burlington Mill Company, and by the said treasurer indorsed to the plaintiffs. The action was brought in the name of the plaintiffs, as indorsees of the note; the declaration set forth, that the defendant made his note in writing, payable to the order of the treasurer of the Burlington Mill Company, and that said treasurer indorsed said note before payment, by which indorsement he, the said treasurer, ordered and appointed the said sum of money therein specified, to be paid to the plaintiffs, &c.; but did not describe the said treasurer or Mill Company otherwise than as above stated.

The defendant demurred to the declaration for the causes, " that said declaration does not set forth to whom the promissory note declared on was made payable, nor by whom the note was indorsed to the plaintiffs."

The plaintiffs joined in demurrer. The case was tried by the court on demurrer, March term, 1850,— BENNETT, J., presiding. The court adjudged the declaration insufficient, and that defendant recover his costs. Exceptions by the plaintiffs.

*S. Wires* and *W. W. Peck* for the plaintiffs.

1. The declaration sets forth facts, which in law import a promise to the Burlington Mill Company. *Vt. Cen. R. R. Co.* v. *Clayes*, 21 Vt. R. 30. *Commercial Bank* v. *French*, 21 Pick. R. 486. *Bailey et al.* v. *Onondago County Ins. Co.*, 6 Hills R. 476.

2. The declaration shows an indorsement to the plaintiffs by the payees of a promise. If a promise to the agent or treasurer of the payees, was a promise to them, an indorsement by the agent or treasurer of the payees was an indorsement by them, and the averment of the indorsement by the agent or treasurer is equivalent to the averment of an indorsement by the payees. The averment in the declaration is equivalent to an averment that the payees indorsed by their treasurer, and that would clearly have been good. Story on Agency, 115. Angel & Ames on Corporations, 295 and 296.

*Charles Russell* for defendant.

1. The declaration does not sufficiently aver the plaintiffs to be legally entitled to the note, so as to maintain this action in their names as indorsees. Gould's Pl. 172, Sec. 7 and 8. 1 Chitty Pl. 302.

The Burlington Mill Co. is the payee of the note. It is now well settled that a note in form, payable to the officer, as treasurer or clerk of a corporation, not otherwise naming him, and at the same time naming the corporation, is a note payable to the corporation which is named, and must be declared on as such.

The declaration ought to have declared upon the described instrument as a note made to the Burlington Mill Company, and that the company indorsed it to the plaintiffs. The declaration contained no such averment, and is bad. *Bank of the U. S.* v. *Lyman et al.*, 20 Vt. R. 666. *Vt. Cen. R. R. Co.* v. *Clayes*, 21 Vt. 30.

2. If in law, the treasurer of the company might maintain an action on the note declared on in his own name, and might indorse the note to the plaintiffs so as to transfer to them the legal interest and right of action,—yet the declaration is bad, for the reason that the declaration does not set forth to whom the note was made, nor by whom it was indorsed. The declaration does not alledge that any person, nor who was treasurer, that any person, nor who

indorsed the note.   Chitt. on Bills 10, Ed. 227 and 228.   2 Chit. Pl. 124.

3. A legal indorsement of the note being necessary to give the plaintiffs the right of action in their own names, the indorsement is a material and traversable fact.   The declaration ought, therefore, by averment to have informed the defendant that there was. a treasurer of the Burlington Mill Company, and who was such treasurer; that the defendant might traverse the allegation.   1 Stephens, N. P. 949.

By the Court.   The causes of demurrer assigned in the demurrer, are, that it does not appear by the declaration, to whom the note was made payable, or by whom it was indorsed.

It seems to be conceded, that a promissory note payable *to* a corporation's agent, or officer, described as such, is payable to the corporation.   If so, then this note, upon the face of it, is to be regarded, as made payable to the Burlington Mill Company, and it is sufficient so to declare, describing it in terms.   This company is not described as a corporation, but its very name seems to indicate that it is either a corporation, or a joint stock company, and not an ordinary mercantile partnership.   And both these classes of companies transact their business exclusively by agents.   And when it becomes necessary for them to deal to any extent in negotiable paper, this is done by agents in pursuance of the Statutes and By-laws of the company; or what is equally binding upon them, according to the usual course of their business.

In the case of banks, this is done by cashiers; by railroads this is done by superintendents or treasurers; and so of other similar corporations, or joint stock companies.

· It is now perfectly well settled, that a note payable to. the cashier of a bank, may be indorsed by him, and so, too, if made payable to the bank; for the courts take notice that such is their business.   *Wild* v. *Bank of Passamaquoddy*, 3 Mason, 505.   "*Prima facie,* therefore," says Judge Story, in this case, in regard to the power of a cashier of a bank, "he must be deemed to have authority to transfer and indorse negotiable securities held by the bank for its use and its behalf."   And we think the known general agent of all these companies, must be taken to have the right to negotiate such notes or bills as are taken in his name of office,

and intrusted to his care and control. And *ex vi termini* the office of treasurer and cashier are identical, i. e., the one who has the custody of the cash or securities, the moneys and property of the company.

For myself, I am content to adopt one standing rule of construction, which now has become universal, both as to pleading and contracts, which may be considered a free translation of the latin maxim, *ut res magis valeat,* so to construe everything, that all which is good may prevail, and all which is bad, perish; and that those who attempt to escape from apparent justice by criticism, ought not to complain if reasonable intendments only are made to defeat unnatural and unreasonable ones.

The same rule would, no doubt, be extended to other financial agents of such companies. And where it appears that such a company intrusts their treasurer to take notes, and he indorses them, his act should bind the company. And if his authority is to be implied from his being the treasurer of the company and intrusted with the notes of the company, and their being made payable to him, and we think this cannot be denied, then it is sufficient so to describe the history of the plaintiff's title to the note, and the present declaration is sufficient. It is not necessary to set forth the authority of the treasurer, it is fairly implied. And if he has authority to receive, he has equally to indorse, so as to pass the title between the company and those persons to whom the note shall be passed.

The only question here is, whether the plaintiffs show on the face of the declaration, a right to sue, so that the judgment will exonerate the defendant from a second suit upon the note.

And it seems to us that producing the note, which he must do, before his judgment is perfected, and showing also the indorsement of the very officer to whom the note was made payable, and with whom it was intrusted, is sufficient. The declaration must be taken to imply that the note was delivered to the plaintiffs. The term indorsement, *ex vi termini*, imports tradition to, as well as ordering the contents paid to plaintiff.

And it seems to us that these facts are alledged in a sufficiently traversable form, and that it could be of no importance practically, to require the name of the treasurer to be set forth.

Doubtless if the suit was in the name of the corporation, it

should be described as such, and so of the treasurer, perhaps, if made a party to a suit, he should be described more fully. As it is common to describe parties to suits, not only by name, but by their residence, and in the English courts by their proper addition. But in tracing title to a note, or bill, nothing more is ever required than to describe the history of the conveyance in the briefest manner which is intelligible. And this is sufficiently intelligible, unless we make fools of ourselves that we may seem wise. All that could be required here in describing the indorsement is, " and by them indorsed to the plaintiffs."

It is never important to describe the mode. It may be done in numerous modes, and that is indifferent. It will appear and may be met in proof. So too, it might have been said the company indorsed the note *by their agent,* without describing how the agency was created. And so equally might it be said that the agent of said company indorsed said note to the plaintiff, without describing either the agent or his authority. But if the authority is attempted to be set forth, it must not appear to be defective.

And we think a common intendment in regard to the present declaration, *ut res magis valeat,* will make it good, and we do not esteem it the duty of a court, in regard to special demurrers ever to make themselves sharp for distinction.

Judgment reversed and judgment that declaration is sufficient.