SAMUEL POPE, *administrator upon the estate of* EBENEZER T. ENGLESBY *v.* HENRY B. STACY.

### *Pleading. Action by administrator.*

Where it is obvious, from the writ and declaration, that the plaintiff sues *as administrator*, neither an express averment of the fact, or a conclusion that it is to the damage of the plaintiff "as administrator," is necessary.

In such a suit, causes of action which accrued during the life-time of the deceased may be joined with those which have accrued since, if, when recovered, they would all be assets in the administrator's hands.

ASSUMPSIT. The writ was a summons to the defendant "to answer unto Samuel M. Pope, of Burlington aforesaid, administrator upon the estate of Ebenezer T. Englesby, late of Burlington aforesaid deceased, as by said letters of administration ready in court to be produced will more fully appear; in a plea of the case, for that whereas, the defendant at Burlington, on the 10th day of

February, in the year of our Lord one thousand eight hundred and forty-nine, did make, execute and deliver to said Ebenezer T. Englesby, in his life-time, a certain note in writing, commonly called a promissory note, the date whereof is the same day and year last aforesaid, and thereby promised the said Ebenezer T. Englesby in his life-time, for value received, to pay him, said Englesby, or his order, the sum of two hundred and fifty dollars in one year from the date thereof, with interest. Whereupon the defendant became then and there liable to pay the said Englesby in his life-time the aforesaid sum of money in said note specified, according to the tenor of said note. And the defendant being so liable, as aforesaid, did, in consideration thereof, afterwards, to wit, at Burlington aforesaid, on the 10th day of February, A. D. 1850, assume and faithfully promise to pay to the said Englesby in his life-time the aforesaid sum of money in said note specified, according to the tenor of said note. Yet the defendant not regarding his said promise, has not performed the same, or paid said sum of money, though often thereto requested; but has refused and neglected so to do and still does refuse.

"Also, in a plea of the case, for that the defendant at Burlington aforesaid, on the 10th day of February, A. D. 1850, and in the life-time of said Englesby, was indebted to the said Englesby in the sum of four hundred dollars, for so much money before that time had and received by the defendant to the said Englesby's use; and in the like sum for so much money before that time lent and accommodated by the said Englesby in his life-time to the defendant and at his request; and in the like sum for money, before that time, paid, laid out and expended by the said Englesby in his life-time, to and for the use of the defendant and at his request; and in the like sum for certain work, labor, care and diligence of the said Englesby in his life-time before that time done and performed, and bestowed about the business of the defendant, and for the defendant, and at his request; and for divers materials in and about said work furnished by the said Englesby in his life-time at the defendant's request; and also in the like sum for divers goods, wares and merchandise of the said Englesby in his life-time before that time by said Englesby sold and delivered and bargained and sold to the

defendant and at his request; and in consideration thereof the defendant then and there promised the said Englesby in his life-time to pay said Englesby in his life-time, and the said Samuel M. Pope, such administrator as aforesaid, since said Englesby's death, the said sums on demand; yet, though often requested, the defendant has not paid the same, but neglects and refuses so to do. All which is to the damage of the plaintiff (as he says) the sum of four hundred dollars, for the recovery of which, with just costs, the plaintiff brings suit."

To this declaration the defendant demurred. The county court, March Term, 1855,—PECK, J., presiding,—decided that the declaration was sufficient, and rendered judgment for the plaintiff; to which the defendant excepted.

*T. G. Hill* for the defendant.

*L. B. Englesby* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J.  In this case the questions arise upon a demurrer to the declaration. And, first, it is objected, that it is not alleged that the plaintiff sues *as* administrator. The allegation is, that the defendant should answer to the plaintiff, administrator upon the estate, &c.; and, in the second count, that the defendant promised the plaintiff, such administrator as aforesaid. We know that some of the cases have held that such averments are not sufficient to show that the plaintiff sues *as* administrator, and therefore, that counts in this form, not stating the cause of action as arising in the life-time of the intestate, joined with counts where the cause of action did accrue during the life of the intestate, are improperly joined. But this kind of refinement is more ingenious than ingenuous, and, whatever may have been thought of such speculations, at one time, it is now well settled, practically, that no such refinement, in special pleading, shall be regarded as worthy of preservation, and they are, therefore, to be abandoned by courts, so as not to provoke the interference of legislation needlessly. This is certainly one of the most refined in the books and we can-

not adopt it. This is obviously an action where the plaintiff sues *as* administrator, and he may, in such action, join causes of action accruing during the life of the intestate and since his decease, if both are assets in the administrator's hands. A conclusion in such a declaration to the damage of the plaintiff is sufficient.

Judgment affirmed.