# Chester and Tamaroa Coal and Railroad Co.

*v.*

# Robert Lickiss *et al.*

1. AMENDMENT—*when merely formal, may properly be allowed without terms.* The Practice Act of 1872 allows amendments at any time before final judgment, either in form or substance, on proper terms, and where a merely formal amendment of a summons is made, it is discretionary with the court, and proper not to impose terms.

2. Where a summons fails to name the form of action, an amendment by inserting the words "in an action of assumpsit," is properly allowed, and is merely formal.

3. SUMMONS—*its requisites.* A summons which fails to name the form of action, but which informs the defendant that he is sued, by whom, in what court, to what term, and the amount of damage claimed, is as effectual as if it named the form of action, and the fact of the amendment of such a summons, after service, by inserting the name of the form of action, would not be cause for quashing the summons on the ground of a variance between it and the copy served on defendant.

4. PLEADING—*of an averment of the indorsement of a note.* In declaring upon an indorsed promissory note, an averment that the payee indorsed the note to the plaintiff is sufficient, without averring a delivery. The averment that the payee indorsed the note to the plaintiff imports a delivery.

5. An averment that the payee of a promissory note indorsed it, imports that he put his name on it in writing, and delivered it to the indorsee, as there can be no indorsement except by the legal holder's name being on the instrument, and it can not be complete without a delivery.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. R. M. DAVIS, for the appellant.

Mr. WILLIAM HARTZELL, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is first insisted that the court erred in not quashing the summons, and in permitting appellees to amend the summons. In this there was no error. The only defect in the summons was a failure to name the form of action, and the court permitted its amendment by inserting the words "in an action of assumpsit." The amendment was merely formal, and is allowed by the 23d section of the Practice Act of 1872, (Sess. Laws, 352). That section allows amendments at any stage of a proceeding before final judgment, either in form or substance, on proper terms. This being merely a formal amendment, it was discretionary with the court, and proper not to impose terms. No injury could result to appellant by the amendment, and hence there was no error.

It is next urged that the court erred in refusing to quash the return. It is stated, as the ground for doing so, that the copy

delivered varied from the original, but in what the variance is claimed to consist does not appear. The copy is not brought into the bill of exceptions, so that we can learn by inspection and comparison with the original. The presumption is in favor of the action of the circuit court, until it is shown to be erroneous, and that has not been done in this case. If the variance was produced by the amendment, then there was no ground for quashing the return, as the amendment was only in form, and was wholly immaterial as to the question of notice. It was as effectual without as with the amendment. It informed the company that they were sued, by whom, in what court, to what term, and the amount of damages claimed. These facts were all that it was essential for the company to know, to enable it to see the declaration and learn the specific grounds of plaintiffs' claim. In this the decision of the court below is correct.

Nor do we perceive any grounds for the demurrer, either general or special. It is urged that the precedents aver that the note or bill was indorsed and delivered, and that the want of an averment that the note was delivered rendered the special counts liable to the special demurrer. Whilst precedents contain an averment of a delivery, it is immaterial, and may be omitted. The averment that the payee indorsed the note to appellees, imported a delivery, as such an indorsement as would pass the note was not complete, as between the parties, until the note was delivered after the indorsement was made.

In the case of *Churchill* v. *Gardner*, 7 Term R. 596, it was held, on a special demurrer, that an averment that a bill was delivered was not necessary, as the averment that the defendant made it, implied that it was delivered. Such an instrument is not completely made until it is delivered, and so of an indorsement. And the same is true of the indorsement being in writing on the instrument, with the payee or holder's name indorsed. There would, as the word implies, be no indorsement unless it were by the legal holder's name being on the instrument. That is included in the term, and the declara-

tion was good, and the court did not err in overruling the demurrer.

The judgment of the court below is affirmed.

*Judgment affirmed.*