Smythe *v.* Scott *et al.*

No. 14,101,

SMYTHE *v.* SCOTT ET AL.

CORPORATION.—*Capacity to Sue.*—*Pleading.*—Where the plaintiffs in an ac-tion are described as the trustees of a certain Commandery Knights Templar, a capacity to sue is shown. The statute authorizes the incorporation of such bodies, and authorizes the election of trustees. The name under which the action is prosecuted imports a corporation.

PLEADING.—*Action against Endorser.*—*Sufficiency of Complaint.*—A pleading which shows that the defendant endorsed in writing and assigned to the plaintiffs the note of an insolvent maker, is sufficient to charge him with liability on the endorsement.

SAME.—*Endorsement.*—*Non-Liability of Endorser by Agreement.*—*Answer Alleging.*—*Reply.*—In an action against an endorser, where the answer alleges that the endorsement was made without consideration, and that the defendant simply lent the money as an agent of the plaintiffs, and under an agreement that he should not be liable if the borrower proved insolvent, a reply averring there was a consideration for the endorsement does not avoid all the allegations of the answer, and is bad.

SAME.—*Complaint.*—*Sufficiency of.*—An averment in the complaint that the defendant received a large sum of money as the treasurer of the plaintiffs, and that " although he has often been requested so to do, has failed and refused to account for and pay over said money," is a sufficient allegation that the defendant is indebted to the plaintiffs, and that the debt is unpaid.

From the Putnam Circuit Court.

*H. H. Mathias* and *H. C. Lewis*, for appellant.

*M. A. Moore, G. C. Moore* and *S. A. Hays*, for appellees.

ELLIOTT, J.—The plaintiffs in this action are described as the trustees of Greencastle Commandery of Knights Templar, and the action is prosecuted to recover from the appellant money received by him as treasurer of the commandery and wrongfully converted to his own use; and also to recover from him the amount of a promissory note upon which he is alleged to be liable as an endorser.

The point is made by the appellant's counsel that the appellees have not shown capacity to sue, but in this they are in error. The statute of the State authorizes the incorporation of such bodies as Knights Templar and authorizes, also, the election of trustees. The name and style under which the action is prosecuted "argues," as some of our cases say, "a corporation," or, as others say, imports a corporation. *Indianapolis Sun Co.* v. *Horrell,* 53 Ind. 527, and cases cited; *Adams Express Co.* v. *Harris,* 120 Ind. 73, and authorities cited p. 77. The court on a former appeal treated the appellees as the trustees of a corporation. *Smythe* v. *Scott,* 106 Ind. 245.

The first paragraph of the amended complaint is sufficient. It contains some unnecessary allegations, but surplusage will not vitiate a pleading. The pleading shows that the appellant assigned a note to the commandery; that the maker was notoriously insolvent, and this is sufficient to charge the appellant with liability as an assignor. The case is not controlled by the decision in *Williams* v. *Osbon,* 75 Ind. 280, for here the complaint shows that the note was endorsed in writing and contains a copy of the endorsement.

What has been said of the first paragraph of the complaint disposes of the objections urged against the second.

The third paragraph of the complaint alleges that the appellant received a large sum of money as the treasurer of the commandery, and that "although he has often been requested so to do has failed and refused to account for and pay over said money to the said commandery." The quotation we have made from the pleading sufficiently answers

the objections of the appellant that it does not show that he is indebted to the commandery, and that the debt is unpaid.

The second paragraph of the answer admits the endorsement of the note, and alleges that it was made without consideration. The third paragraph alleges, in substance, that the defendant was authorized and instructed to lend the money in his hands as treasurer; that it was agreed that he should not be responsible for the solvency of the borrower, and that the money was lent to the maker of the note, under this agreement. The fifth is substantially the same as the third, the chief difference being that it is averred that there was no consideration for the endorsement.

To these paragraphs of the answer the appellees replied.

The second paragraph of the reply avers that the endorsement was not without consideration, but was made on a good and valid consideration. The reply is clearly bad, for it does not avoid the allegations of the third and fifth paragraphs of the answer. If, as those paragraphs allege, the defendant simply lent the money as an agent of the commandery, and under an agreement that he should not be liable in case the borrower proved insolvent, the fact that there was a consideration for the endorsement does not, in itself, render him liable.

The third paragraph of the reply is good, inasmuch as it is at least an argumentative denial of the material facts pleaded in the answers. The fourth paragraph of the reply may, perhaps, be upheld on the ground that it shows such negligence in making the investment as avoids the defence pleaded.

The appellees have assigned cross-errors, but the only specification that it is proper for us to notice is the one which assails the ruling holding the fourth paragraph of the complaint to be bad. We need not decide whether if a definite time is granted the maker of a promissory note at the request of the assignor it will excuse the holder of the note from taking steps to collect it, for here there is no allegation

of that kind. There is a vague and indefinite allegation that the assignor said that if the maker was given time he would pay the note, but there is no direct or positive allegation that a definite extension of time was granted at the request of the assignor. The ruling of the trial court upon the fourth paragraph of the complaint was right.

For the error in overruling the demurrer to the second paragraph of the reply the judgment must be and is reversed.

COFFEY, J., took no part in the decision of this case.

Filed May 29, 1890.