WILLIAM ROPES TRASK *v.* JAMES L. KARRICK AND HENRIETTA B. KARRICK.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 6, 1914.

*Trustees—Evidence—Presumption—Continuance of Relation —Parties—Designation—Capacity—Pleading—Construction —Executors and Administrators—Allegation—Bills and Notes—Action to Indorsee—Allegations of Indorsement— "Indorsed"—Failure to Pay.*

Where it is shown that one has been appointed to a position of trust it is presumed that he continues to hold it until it is shown that he has been legally discharged.

While it should appear whether plaintiff sues in his own right or in a representative capacity, and the mere addition of the word "executor" or "administrator," or "trustee" to plaintiff's name is only descriptive, it is sufficient if the writ and declaration, taken as a whole, show that plaintiff sues in a designated representative capacity, though it is not expressly so alleged.

Where the writ and declaration, taken as a whole, fairly show that plaintiff sues as a designated executor, the declaration is not bad because it concludes to the damage of plaintiff individually.

An allegation that the promissory note declared upon was "indorsed" to plaintiff sufficiently alleges that it was delivered to him, as that word in that connection implies delivery.

An allegation, in assumpsit on a promissory note, that defendants, "not regarding the said promises, have not performed the same or paid said sum of money, though often requested, but have refused and neglected so to do," sufficiently negatives payment of the note.

ASSUMPSIT on promissory notes. Heard on special demurrer to the declaration, in vacation after the March Term, 1913, Chittenden County, *Waterman,* J. Demurrer overruled and declaration adjudged sufficient. The defendant excepted. The opinion states the case.

*H. S. Peck* for the defendants.

*Rufus E. Brown, Sherman R. Moulton* and *John F. McKay* for the plaintiff.

POWERS, C. J.   This case comes before us on a demurrer to the declaration.   The action is special assumpsit.   One of the two counts is on a promissory note for five thousand dollars; the other is on a note for twenty thousand dollars.   Both are alleged to have been given by the defendants to John C. Ropes and Charles B. Wells, testamentary trustees of Samuel S. Allen, and indorsed to the plaintiff's testator, John C. Ropes,—he having resigned as trustee,—by said Wells and John Prentiss, the said testator's successor as trustee.

1.   It is said in support of the demurrer that it does not sufficiently appear that the plaintiff was executor and trustee at the time the suit was brought.   The profert is of letters testamentary and appointment as trustee dated December 1, 1899. The suit was brought October 3, 1912.   And the argument is that an appointment on the former date is no evidence that the plaintiff was such representative on the latter date.   But this comes within the rule frequently approved by this Court, and thus stated in *Sowles* v. *Carr*, 69 Vt. 414, 38 Atl. 77 : "When a party established a judicial relation not in itself so limited in time as to have terminated at the period of litigation, it is not necessary for him to prove the continuance of the relation, but the burden is on the other party to prove its termination." When it is shown that one has been appointed to a position of trust, a presumption arises that he continues to hold it, until it is shown that he has been legally discharged.   Accordingly it was presumed in *Sawyer* v. *Knowles,* 33 Me. 208, that one appointed an administrator in 1836 was such in 1844.

2.   It is further said that it does not sufficiently appear that the plaintiff sues as executor and trustee.   The character in which a party sues, whether in his own right or in a representative capacity, it is admitted, should appear.   It is also admitted that it is not enough to add to the plaintiff's name the word "executor," "administrator," or "trustee;" as these words are usually descriptive, merely, and leave the suit an individual undertaking.   But pleadings are to be given a reasonable construction, and all that is required is that it shall fairly appear,

from the writ and declaration, taken as a whole, in what capacity the plaintiff brings suit. In such cases, it is not necessary to allege that the plaintiff sues as executor, if that fact fairly appears. This was so held in rather pointed language in *Pope, Admr.* v. *Stacy*, 28 Vt. 96. And for the reasons there stated we hold this declaration sufficient on the point under discussion.

3. It is also urged that this declaration is faulty in that it concludes to the damage of the plaintiff individually. But the allegation here is like that in *Pope, Admr.* v. *Stacy*, which was held to be sufficient.

4. Another ground of demurrer insisted upon is that it is not alleged that the note was delivered to the indorsee. The allegation is that it was "indorsed" to him. Nothing more was required, as this term imports a delivery of the instrument. *Perkins, Doe & Co.* v. *Bradley*, 24 Vt. 66; *Chester, etc. R. Co.* v. *Lickiss*, 72 Ill. 521; 8 Cyc. 119.

5. It is said that it is not sufficiently alleged that Wells and Prentiss were trustees at the time they indorsed the notes to the plaintiff's testator. Their previous appointment sufficiently appears, and for the reasons hereinbefore given, their continuance in that office is presumed.

Payment of the notes is sufficiently negatived. A declaration must allege a breach of the contract sued on in such a way as to show a violation of the rights of the plaintiff created by such contract. The allegation here is that the defendants, "not regarding the said promises, have not performed the same or paid said sum of money, though often requested, but have refused and neglected so to do." Nothing further is required by the rule. *Smythe* v. *Scott*, 124 Ind. 183, 24 N. E. 685; *Judson* v. *Eslara,* Minor (Ala.) 2.

*Judgment affirmed and cause remanded.*