MERRILL W. MOSHER *vs.* GEORGE H. JEWETT.

*Distraining beasts. Lien by trespass. Estray.*

A person injured in his lands by neat-cattle, may distrain and impound the animals doing the mischief; or he may have an action of trespass.

The lien given by R. S. c. 23, § 4, in the action of trespass is not one that gives the right of possession to the party injured; but it can only be enforced by attachment.

A person taking up an estray forfeits all claim for keeping the same unless he commits it to the pound-keeper within ten days.

Thus the plaintiff's bull broke and entered the barn of the defendant, who immediately posted notices thereof in three public places, and advertised the same in a daily paper. Within ten days the plaintiff called and saw the bull, but was doubtful of the bull's identity. After ten days, the defendant offered to deliver the bull to the plaintiff on proof of property and payment of five dollars for keeping, and indemnity against the claim of any other owner, but the plaintiff did not comply with the conditions. In thirty days the plaintiff demanded the bull and offered the defendant ten dollars for keeping, but the defendant refused to deliver him, whereupon the plaintiff replevied him. *Held,* that the defendant had no right to possession of the bull, nor any lien upon him which would authorize a judgment in his favor for the expense of keeping or for his damage.

ON EXCEPTIONS to the ruling of *Goddard,* J., of the superior court for this county.

REPLEVIN of a bull.

Plea general issue, with a brief statement of title in some person unknown, and not in the plaintiff; that the bull was trespassing and damaging the defendant's close in Gorham, in this county, and that the defendant withheld him rightfully from the plaintiff by reason of a lien for said damages, and the defendant's necessary charges for keeping, etc.

The action was tried by the justice without the intervention of a jury, subject to exceptions.

The justice found that the bull was the plaintiff's property; that without the fault of the defendant, the bull broke and entered the defendant's close, to wit, his barn, Oct. 25, 1870, and was on that evening found by the defendant in his barn, without the defendant's license or consent; that the bull was there unlawfully and was damaging the defendant's hay and harness; that the defendant immediately posted notices in three public places in Gorham, and advertised the same in the Portland Press.

That within ten days the plaintiff called and saw the bull, but was doubtful of his identity; that after ten days, to wit, on Nov. 4, 1870, the defendant offered to deliver him to the plaintiff on proof of property, payment of $5 for keeping, and indemnity against the claim of any other owner, but the plaintiff declined to take him; that no demand was made on the defendant until Dec. 1, 1870, when he refused to deliver him up until he was remunerated for his expenses and care in keeping the bull; that the plaintiff offered, without tendering, $10, and replevied the bull Dec. 12, 1870.

That the defendant suitably kept the bull for forty-eight days, and that his keeping was worth $24; that the defendant paid $2 for advertising, and that the damage done by the bull was $4.

The justice ruled, as matter of law,

That the plaintiff was not, at the time of the demand, entitled to immediate possession of the bull, in that the defendant had a lien on the beast for his keeping, and that the plaintiff was not entitled to the bull until he had paid or tendered to the defendant payment therefor; and adjudged,

Mosher *v.* Jewett.

That the defendant, at the time the said bull was replevied, had a lien thereon for his keeping, and was entitled to the possession until the lien was discharged, and awarded damages in the sum of $30 for the defendant.

The plaintiff alleged exceptions.

*Howard & Cleaves*, for the plaintiff.

*J. A. Waterman*, for the defendant, contended, among other things, that the defendant had a lien on the animal replevied by virtue of R. S. c. 23, §§ 4 and 11; c. 96, § 4, and upon general principles.

The animal might be considered an estray. R. S. c. 23, § 11.

The owner called for the beast " within ten days."

The plaintiff was thereby a party to any delay in committing to the pound and cannot take advantage of it.

The defendant had a lien under R. S. c. 23, § 4.

There was technically and actually damage, injury to land of the defendant.

The defendant had his choice of remedies,—to impound or sue in trespass, and had the statute lien on the beast as security.

It is not the enforcement but the existence of the lien that is fatal to the plaintiff's case. He must show right to immediate possession.

There is no time prescribed in which the action of trespass, under this section, shall be commenced. By R. S. c. 23, § 22, ninety days are given in which to commence actions for forfeitures.

The defendant was not in fault for not commencing his action against the plaintiff whose doubts as to the identity of the animal, unwillingness to pay the moderate charge, or give any indemnity against other claims, contributed to the defendant's delay.

The beast was not out of defendant's possession from the time he was " lawfully taken and distrained," until replevied, and hence the lien was not interrupted. Ch. 23, § 4.

DANFORTH, J.   By R. S. c. 23, § 4, a party injured in his lands by neat-cattle has two remedies.   He may distrain the animals doing the mischief, and proceed as thereinafter directed, or he may have an action of trespass.   In the former case, the remedy is not by distraint alone, but by that and such subsequent proceedings as are provided in the same chapter.   These provisions require that the animal should have been committed to pound, and the damages ascertained by an appraisal as there specified.   Instead of doing what the law requires, without the authority of and against the directions of the statute, the defendant kept the animal in his own possession.   By such an unlawful proceeding he certainly could not obtain a lien upon the beast replevied for his keeping, nor could he retain one if such had existed for any purpose.

Nor is the lien given in the action of trespass, one that gives the right of possession to the party injured.   It can only be enforced by attachment by the proper officer, and under a legal process. This process was not sued out, and this remedy affords the defendant no protection in this suit.  ·

Nor does the attempted justification that the animal was taken up as an estray, avail the defendant.   By § 11, c. 23, of R. S., a party taking up an estray forfeits all claim for keeping, and a penalty in addition unless he shall commit such estray to the poundkeeper within ten days.   This provision of the statute was not complied with, and hence the defendant acquired no rights under it.

It follows that neither of the grounds of defense to this action set out in the pleadings can give the defendant any rights to the possession of the animal in question, nor any lien upon him which would authorize a judgment in his favor for the expense of keeping or for his damage.   No ground is presented on which he can have any claim for keeping, and his damages, if recoverable, must be sought in a different process.        *Exceptions sustained.*

APPLETON, C. J.; WALTON, BARROWS, and TAPLEY, JJ., concurred.