ELEAZER R. MYRICK v. SOLOMON DOWNER, NOAH ROBERTS, JOHN WILLEY AND WESTLEY LAMBERTON.

Under a declaration in trespass, which alleges that the defendants on a certain day, and on divers other days and times between that day and another day specified, broke and entered the plaintiff's barn and took and carried away, his hay, the plaintiff may recover for as many distinct acts of trespass, as he can prove were committed by the defendants between the days mentioned in his declaration.

But if several persons are made defendants, and the plaintiff proves several distinct acts of trespass, in some of which a part, only, of the defendants were concerned, he can only recover against all the defendants for those acts in which all participated.

TRESPASS. The plaintiff alleged in his declaration, that the defendants, on the first day of December, 1840, and on divers other days and times between that day and the tenth day of May, 1841, with force and arms broke and entered the plaintiff's barn and took and carried away his hay. Plea, the general issue, with notice of special matter of defence, and trial by jury,—HEBARD, J., presiding.

On trial the plaintiff gave evidence, tending to prove that the defendant Downer owned hay in the plaintiff's barn, some portion of which was under the plaintiff's hay; that the defendants commenced drawing Downer's hay, but subsequently carried away a quantity belonging to the plaintiff; that the hay was drawn on different days a month, or more, elapsing after the commencement before it was all drawn; and that all the defendants were concerned, or in some way participated, in the taking of the plaintiff's hay.

The defendants introduced evidence, tending to prove that the defendants Roberts, Willey and Lamberton acted, in all they did in reference to the hay, as the servants of the defendant Downer and under his directions, and that a considerable portion of the plaintiff's hay had been drawn away by the other defendants, before the defendant Lamberton in any manner participated in the taking, or was in any way concerned in it.

The counsel for the defendants requested the court to charge the jury, that, unless Lamberton assisted in taking and drawing away all of the plaintiff's hay that was taken, he was entitled to a verdict

in his favor.   But the court instructed the jury, that, if they should find, that a trespass had been committed in taking the plaintiff's hay, they might find all the defendants guilty, who assisted in taking away all or any part of the hay; that, if they should find, that some part of the hay had been drawn before Lamberton assisted, yet, as the plaintiff had declared for the taking all the hay as one trespass, all, who participated in the act, would in law be equally liable; and that they might find a verdict against Lamberton, if they should find that he did thus participate in the trespass.

Verdict for plaintiff against all the defendants.   Exceptions by defendants.

*Tracy & Converse* for defendants.

In trespass there is no apportionment of damages, according to the degree of guilt of the different defendants.   One sum in damages cannot be assessed against one defendant, and another sum against another.   *Hill* v. *Goodchild*, 5 Burr. 2790.   1 Sw. Dig. 533.   *Higby* v. *Williams*, 16 Johns. 215.   3 Stark. Ev. 1441.   If a joint trespass is proved, no evidence of individual acts of trespass is admissible; and there can be no recovery against any defendant, for an act in which he did not participate.   19 Johns. 381.   *Williams* v. *Sheldon et al.*, 10 Wend. 654.   That the trespass complained of was composed of different and distinct acts, and such as were capable of being committed by different and distinct persons, will probably not be denied. Cro. Eliz. 860.   16 Mass. 470.   3 Salk. 359.   1 Saund. 24, (n. 1.)

The fact, that the defendants were the servants of Downer and acted by his direction, can make no difference.   He surely could not be compelled to indemnify any of the defendants against the consequences of trespasses, which they did not commit.   And if the defendants, at the time of taking the hay, had reason to believe that they were committing a trespass, they could have no remedy against Downer, although they did it at his request.   *Merryweather* v. *Nixan*, 8 T. R. 186.   *Vose* v. *Grant*, 15 Mass. 505.   *Campbell* v. *Phelps*, 1 Pick. 62.

*J. Barrett* for plaintiff.

The request of the defendants' counsel is equivalent to asking the court to charge the jury, that, when several have been engaged

46

in taking the plaintiff's property, in order to entitle him to recover in a suit against all who were so engaged, he must show that each actively participated in every act constituting the entire trespass. Such a rule is impracticable and unjust, as well as contrary to principle. In this case the trespass was committed by the direction and procurement of Downer. Though the others were merely his servants, if they in fact did aid and abet the principal trespasser, each in law is liable as principal, and all may be jointly sued. In what they did, each acted jointly with Downer, and, in respect to the end which Downer had in view, they acted jointly with each other. 6 Com. Dig. 392, 393. *Williams* v. *Sheldon et al.,* 10 Wend. 654. 2 Phil. Ev. 187.

The opinion of the court was delivered by

KELLOGG, J. It is undoubtedly a well settled principle of law, that all who unite in, or aid and assist, or participate, or act in concert in committing a trespass, or a series of trespasses, may be sued jointly and a recovery may be had against them. If the injury, of which the plaintiff complains in his declaration, is but a single act of trespass, then all, who participated in the act, are equally liable. The court below seem to have considered, that the injury is to be regarded as but one trespass, and that the plaintiff had so treated it in his declaration ; for they instruct the jury, " *that the plaintiff had declared for the taking of all the hay as one trespass.*" But we think, that, whether the injury, for which the plaintiff seeks to recover, is a single act of trespass, or consists of several distinct trespasses, is to be determined by the testimony put into the case, and not by the declaration. It is, however, true, that, where the plaintiff declares for a single trespass, he must necessarily be restricted in his proof and recovery to one act of trespass.

But is it true, that the plaintiff has declared " for the taking of all the hay as one trespass ?" If so, he has adopted an unusual and unnecessary phraseology in his declaration. We apprehend, that the county court mistook the character of the plaintiff's declaration. It was evidently drawn with a view to enable him to give evidence of as many distinct acts of trespass, within the period limited in the declaration, as he might be able to prove, and thereby save himself the necessity of framing a distinct count for each distinct act of

trespass. Indeed, the form of declaration adopted in this case is treated in the books as containing as many counts, as the plaintiff should prove acts of trespass committed within the period of time stated in the declaration. *Pierce* v. *Perkins*, 16 Mass. 471, and note and cases there cited.

On recurring to the bill of exceptions, it appears that the taking of the hay was not all at one time, but on different days, covering a period of a month, or more. It was not, therefore, a single act of trespass, but several distinct trespasses. These several trespasses, however, were properly received in evidence under the declaration, and the plaintiff was entitled to recover for them against all the defendants, provided they participated in the *several trespasses*. But the testimony tended to prove, that Lamberton, one of the defendants, had no agency, or participation in the taking of a considerable portion of the plaintiff's hay, and yet the court instructed the jury, " that they might find all the defendants guilty, who assisted in taking all or *any part* of the hay."

In this direction to the jury the court below manifestly erred, and for this cause the judgment of the county court is reversed.