JOHN MACK, JR., BY NEXT FRIEND *v.* GEO. C. KEL-
SEY ET AL.

*Pleading. Justification. Torts. Evidence to Connect with Commission.*

1. In trespass, under a plea of the general issue, the defendant cannot rely upon matter in justification, even when such matter comes from the plaintiff in the making out of his own case.

2. One who aids, advises, countenances or commands the commission of a tort, or approves of it, when committed, is liable, if for his benefit, as for its commission.

3. The fact that a person is present may, when taken in connection with the circumstances of the case, be evidence from which alone the jury could infer such liability.

4. The verdict being joint, the court cannot say that it is untainted, as to either defendant, by the admission of improper evidence.

This was an action in trespass for the alleged expulsion of the plaintiff, who, being an infant, brought suit by his next friend, from a common school. No special plea nor notice of special matter was filed. The case was tried by jury at the December Term, 1887, Tyler, J., presiding. Verdict for the defendants; exceptions by the plaintiff.

The defendant Lawrence was the teacher of the school, and Kelsey the prudential committee of the district. This fact appeared from the testimony of the plaintiff in the opening of his case. The defendants claimed to justify the assault as such officers of the school; and offered to testify to such facts in their own behalf as would make out this defense. To this the plaintiff objected for the reason that no notice of such justification having been given by plea or otherwise, it could not now be shown. The court held, however, " that the necessity for a special plea or notice was obviated by the fact that the plaintiff, in making out his *prima facie* case, had given evidence showing that the defendant Kelsey was, at the time of the alleged trespass, prudential committee of said district, and the defendant Law-

rence the teacher of the school therein, and that these defendants acted in such capacity of committee and teacher in expelling the plaintiff. Therefore the court admitted the testi- mony of the defendants."

The other facts sufficiently appear in the opinion.

*W. H. Bliss*, for the plaintiff, cited, *Allen* v. *Parkhurst*, 10 Vt. 557; *Briggs* v. *Mason*, 61 Vt. 433 ; and *Walker* v. *Hitch- cock*, 19 Vt. 634, to the point that the defendants could not avail. themselves of matter in justification under the general issue.

*Chas. F. Kingsley*, for the defendant.

The opinion of the court was delivered by

VEAZEY, J. The charge in the declaration is that the defend- ants assaulted the plaintiff and forcibly ejected him from the school house, he being there peaceably and lawfully as a member of the school. The only plea is the general issue. The first. question is, whether, under that plea, the defendants could justify as prudential committee and teacher.

The counsel for the defendants, while admitting the general. rule that matter of justification must be pleaded specially, and cannot be shown under the general issue, yet insist that the rule does not apply when the plaintiff's own evidence to show the trespass also shows those facts which justify it; that in such case the matter in justification may be relied upon under the general issue.

This precise point was made in *Briggs* v. *Mason*, 31 Vt. 433, and it was urged, as here, that the object of requiring a special plea is to apprise the plaintiff of the facts to be relied upon in defense ; but where the plaintiff proves these facts the reason for the rule ceases.

The court expressly recognized the force of these considera- tions, but said : " From an examination of the decided cases in this state, we do not feel at liberty to regard the question as open to discussion," and held that the circumstances constituted no exception to the general rule. A rule thus established must stand, and the exceptions in this case to which it applies are sustained.

But it is contended that the error in the ruling on this point is not available to the plaintiff as against the teacher Lawrence, because the case fails to show that she was connected with the alleged assault. The facts shown, or which the evidence tended to show, are these : On the 17th day of January Miss Lawrence sent the plaintiff and his brother and sister away from school and told them they were expelled, but they returned on the 25th, and she again sent them home. They appeared again the next morning and were once more ordered to leave, but they refused, and she dismissed the school for that day. The next morning the same thing was repeated. Quoting now from the bill of exceptions : " The next following morning the defendant Kelsey appeared in the school room, and ordered said Mack children, who, with the defendant Lawrence and the other scholars, were present, to leave said school, and produced a strap, as if with intent to use it upon them if they did not obey, whereupon the plaintiff and his said brother and sister did leave the school and did not return again during the term."   .

There is no intimation in the record that the defendant Lawrence ever assaulted or threatened to assault the plaintiff. There is no suggestion of her connection with the assault charged other than as above stated, except that she had notified the prudential committee Kelsey, and also the superintendent of schools, of her troubles with the Mack family, and acted under their advice in expelling the children. There is nothing to show that she procured Kelsey to go to the school house on the morning of the 27th, or asked him after he came to eject the plaintiff. Kelsey was her superior officer. He knew the situation and had an official duty to perform, and, so far as appears, he acted, not as an agent or helper, but on his own official responsibility.

The facts tend strongly to negate participation and liability on the part of the defendant Lawrence, but the rule is that all who aid, advise, command or countenance the commission of a tort by another, or who approve of it after it is done, are liable, if done for their benefit, in the same manner as if they had done the act with their own hands; and proof that a person is present

(26)

at the commission of a trespass without disapproving or approving it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance, and approved it, and was thereby aiding or abetting the same. 2 Hill on Torts, 295 ; *Brown* v. *Perkins,* 1 Allen, 89.

Under this rule we think there was sufficient evidence tending to show her presence, countenance and approval of Kelsey's assault, and that it was more or less in her behalf and for her benefit, to warrant the plaintiff in the right to go to the jury as to her guilt. To state it in another form, the court would not have been warranted in directing a verdict in her favor. It is inconceivable that she should not have approved most cordially of the apparently very justifiable interference of Kelsey. The trouble is, the evidence tending to show the justification was inadmissible under the pleadings. The fact that it could have been rendered admissible by a plea of justification does not enable us to say that the verdict was untainted as to either party by the inadmissible evidence. It is with regret that we are forced to these conclusions, because, upon the record now before us, the plaintiff's case seems to be entirely barren of substantial merit.

The other exceptions relate to the admissibility of the acts of parents in interference with the management of a school, in connection with the discipline of their children, but as the judgment must be reversed on the point first noted, it is not material to pass on these exceptions. They were but barely alluded to in argument, and it is doubtful if a discussion of them would be of any substantial advantage in the next trial, as the questions are not likely to arise under like conditions.

*Judgment reversed and cause remanded.*