WILL W. ADAMS *v.* WALTER M. COOK AND CLYDE E. COOK.

February Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed March 3, 1917.

*Minors as Defendants—Parent Present in Court Directing Defence—Return of Verdict on Sunday—Ministerial Act—Act of Necessity or Charity—Presumption of Innocence—When Applicable in Tort Cases—Torts—Who Are Liable—Instructions to Jury—When Jury not Misled—When Record is not Before Court—Evidence—Conversations—How Far Admissible—Experts — Qualifications — Exceptions Insufficiently Briefed—Question not Raised by Exceptions—Remand on Question of Damages.*

A minor, sued jointly with his father who was present with him throughout the trial, assisting, advising and defending, cannot claim that he did not have his day in court because no guardian *ad litem* was appointed to look after his defence.

The return and receipt of a verdict on Sunday is a ministerial act and one of "necessity and charity" within the meaning of the Sunday laws.

The rule that there is a presumption of innocence in favor of a defendant in a tort action, which is evidence in his favor and must be

overcome by evidence before a verdict can be rendered against him, applies only when the tort charged involves fraud, dishonesty or crime.

All who aid, command, advise or countenance the commission of a tort, by another, or who approve of it after it is done, if done for their benefit, are liable in the same manner as if they had done it with their own hands.

Although part of an instruction, correct as a statement of the law, was inapplicable to the case in hand, an exception thereto will not be sustained under Supreme Court Rule 7, where the application of the rule was immediately and correctly made, the jury could not have been misled and the Supreme Court is not satisfied that prejudice resulted therefrom.

An exception to the charge will not be sustained when the charge is not before the Supreme Court, and where, upon the record as presented, error does not appear.

Where a statement made by a party in the course of a conversation is relevant to the issue, only so much of the remaining conversation as tends to explain, modify or control it is admissible by way of supplementation, and it is error to receive a statement wholly outside the issues and calculated to excite hostility on the part of the jury against the party therein referred to.

Where the evidence sufficiently establishes the qualifications of a witness found by the trial court to be an expert, the reception of his evidence as such is not error.

An exception insufficiently briefed will not be considered.

A question raised in a brief will not be considered when there is no exception in the record to which it is applicable.

Where the only prejudicial error found in the record affects only the amount of recovery the case will be remanded for a trial on that question alone.

TORT. Plea the general issue. Trial by jury before the municipal court for the Windsor probate district. Verdict for the plaintiff. Exceptions by defendants. The defendant Clyde E. Cook was the minor son of the defendant, Walter M. Cook. The opinion states the case.

*Gilbert A. Davis* for defendant Walter M. Cook.

There was a presumption of innocence in favor of the defendant, which is evidence in his favor. *Currier* v. *Richardson,* 63 Vt. 617.

The judgment having been rendered jointly against both defendants, if it is shown to be error, as to one of them, the whole judgment must be set aside. *Somers* v. *Rogers,* 26 Vt. 585.

Defendant Clyde E. Cook being a minor, could not appoint an attorney and the acts of the person so attempted to be appointed are absolutely void. This defendant was, therefore, not legally in court. *Wade* v. *Pulsifer,* 54 Vt. 45.

*Fred H. Spaulding* for defendant Clyde E. Cook.

It was error to render judgment against Clyde E. Cook. An infant cannot appear and defend by an attorney. *Starbird* v. *Moore,* 21 Vt. 526; *Somers* v. *Rogers,* 26 Vt. 585; *Fall River Foundry Co.* v. *Doley,* 42 Vt. 412.

Process served upon an infant does not become valid until he becomes of age. *Welch* v. *Agar,* 84 Ga. 583. An infant cannot accept service of a writ. *Whitmore* v. *Barber,* 24 S. C. 373.

*Stickney, Sargent & Skeels* and *Robert R. Twitchell* for plaintiff.

The defendant, Clyde E. Cook appeared in court with his father and natural guardian, and had the assistance of his father and counsel throughout the trial. There was no need of the appointment of a guardian *ad litem.* *Priest et al.* v. *Hamilton* 2 Tyler 44; *Wrisleys* v. *Kenyon,* 28 Vt. 5; *Fuller* v. *Smith,* 49 Vt. 253.

The verdict of the jury was properly received even though it was brought in early Sunday morning. *Sargent* v. *Butts,* 21 Vt. 101; *Blood* v. *Bates,* 31 Vt. 147; *Reid* v. *State,* 25 Am. Rep. 627; *Shearman* v. *State,* 28 Am. Rep. 402; *Stone* v. *United States,* 64 Fed. 667; *Stone* v. *United States,* 167 U. S. 198; *Tuttle* v. *Tuttle,* 125 Am. St. Rep. 481; 37 Cyc. 589; *Cory* v. *Silcox,* 5 Ind. 370; *Rosser* v. *McColly,* 9 Ind. 587; *McCorkle* v. *The State,* 14 Ind. 39; *Webber* v. *Merrill,* 34 N. H. 202; *Roberts* v. *Bower,* 5 Hun. 558.

POWERS, J.  This is an action of tort for shooting two hound

dogs, and comes here from the municipal court of the Windsor probate district. The defendants are father and son, and there was evidence tending to show that the son, by direction of the father, shot these dogs—which were properly licensed and collared—while they were swimming Black River in pursuit of a deer.

The trial began in the forenoon of Saturday, March 4, 1916, and continued throughout the day and evening. At eleven o'clock, the case was submitted to the jury, and shortly after midnight, they reported a plaintiff's verdict, which was received by the court, and the case was then continued to a later date. It was taken up again on March 17, on which date the defendants appeared with separate counsel and filed motions respectively asking that judgment be arrested and that they be "dismissed" and "discharged," with costs. Some days later other motions and objections were filed by the defendants, under which they sought to raise the questions hereinafter referred to. These motions and objections were overruled and the defendants excepted. No question is made as to the manner in which the questions are attempted to be raised and we give no attention to that subject.

One ground of these motions was that Clyde Cook was a minor at the time of the trial and no guardian *ad litem* was appointed to look after his defence. This ground will not avail him. For, notwithstanding the fact that he may have been a minor at the time and so incapable of appearing for himself and defending his suit, or of appointing an attorney to appear and defend for him, his father was his natural guardian during his minority (P. S. 3144), and was sued jointly with him, and as the record shows was present with him throughout the proceedings, assisting, advising and defending. In these circumstances, it cannot be said that he has not had his day in court. The case cannot be distinguished, either as to its law or its facts, from *Wrisley* v. *Kenyon*, 28 Vt. 5, the doctrine of which was reaffirmed in *Fuller* v. *Smith*, 49 Vt. 253.

Another ground of the motions was that the verdict was rendered on Sunday. This, too, is unavailing. Sunday is, and was at common law, a *dies non*, but ministerial acts performed on that day are lawful. And, while as was said by the court in *Cory* v. *Silcox*, 5 Ind. 373, much useless learning has been expended on this point, resulting in some variety of opinion there-

on, it is now the generally accepted doctrine of the cases that the return and receipt of a verdict on Sunday is a ministerial act and an act of "necessity and charity," within the meaning of the Sunday laws. *Henderson* v. *Reynolds,* 84 Ga. 159, 10 S. E. 734, 7 L. R. A. 327; *Athens* v. *Miller,* 190 Ala. 82, 66 South. 702; *Tuttle* v. *Tuttle,* 146 N. C. 484, 59 S. E. 1008, 125 Am. St. Rep. 481; *State* v. *Keatine,* 130 La. 434, 58 South. 139, 39 L. R. A. (N. S.) 844; *Burrage* v. *State,* 101 Miss. 598, 58 South. 217; *Stone* v. *Bird,* 16 Kan. 494; *Baxter* v. *People,* 3 Gilman (8 Ill.) 368; *Webber* v. *Merrill,* 34 N. H. 202; *Stone* v. *United States,* 167 U. S. 178, 17 Sup. Ct. 778, 42 L. ed. 127. See, also, *Blood* v. *Bates,* 31 Vt. 147; *Sargeant* v. *Butts,* 21 Vt. 99.

The defendants excepted to the failure of the court to charge the jury that there was a presumption of innocence in favor of Walter M. Cook, and that this presumption was evidence in his favor and must be overcome by evidence before a verdict could be rendered against him. No such charge was required. The rule which counsel for the defendants seek to apply is not one generally applicable to tort actions. It applies only when the tort charged involves fraud, dishonesty or crime. *Bradish* v. *Bliss,* 35 Vt. 326; *Childs* v. *Merrill,* 66 Vt. 302, 29 Atl. 532; *McKinstry* v. *Collins,* 76 Vt. 221, 56 Atl. 985.

The defendants excepted to the following instruction given to the jury: "All who aid, command, advise or countenance [the] commission of [a] tort by another, or who approve of it after it is done if done for their benefit, are liable in the same manner as they would be if they had done it with their own hands. And in this case, if you find that Walter Cook commanded his son Clyde to get the gun and advised him to shoot the dogs, or that in substance, and the son Clyde did as advised, both father and son are jointly liable for the killing of the dogs, and you should find them both guilty."

Although the general rule thus laid down by the court was sound as an abstract proposition of law (1 Kinkead, Torts, 41; Webb's Pollock on Torts 87; 2 Mod. Am. L. 431; 2 Hilliard, Torts, 293; *Mack* v. *Kelsey,* 61 Vt. 399, 17 Atl. 780; *Judson* v. *Cook,* 11 Barb. (N. Y.) 642; *Moir* v. *Hopkins,* 16 Ill. 313, 63 Am. Dec. 312); that part of it which referred to the approval of one for whose benefit the tort was committed was inapplicable to the case and should have been omitted. The application of the rule

was immediately and correctly made, and that part of the instruction was free from legal fault.

It would be difficult for a jury to be misled by the instruction taken as a whole, and we are not satisfied that prejudice resulted to these defendants or either of them. Therefore, the exception is not sustained. Sup. Ct. Rule 7.

The defendants also excepted to an instruction that there was no difference between dogs as property and other property. The record shows that this statement was made in connection with others regarding the rights of a dog-owner who had complied with all the statutory requirements relating thereto. The charge is not before us, and upon the record as presented error does not appear.

For the same reason we are unable to say that the claims and evidence of the defendants were inadequately placed before the jury.

The record shows that the plaintiff and one of the defendants had an interview after the shooting, and when the former was on the stand, his counsel asked him to state what took place between them on that occasion. Thereupon, the plaintiff gave the conversation regarding the shooting, and then went on to say: ''I told him that I understood he had tormented my father while he was alive by cutting down and burning his wood.'' At this point the defendants objected, and the court evidently treating the objection as seasonable, admitted the evidence on the ground that the plaintiff was entitled to show the entire conversation, a part of it being admissible. To this ruling the defendants excepted.

The rule applied by the court, though firmly established in the law of evidence, did not justify the admission of the statement quoted. The rule only goes far enough to admit so much as is necessary to make the relevant statement complete. Assuming that any part of the conversation was admissible—a fact that does not appear—whatever was said on that occasion tending to explain, modify or control it was relevant and admissible by way of supplementation. *State* v. *Bean*, 77 Vt. 392, 60 Atl. 807. All else, unless admissible on some other ground, should have been rejected. 1 Chamb. Ev. 639. The statement above quoted was wholly outside the issues, was calculated to excite hostility on the part of the jury against the defendant referred to, and it was error to receive it. 3 Chamb. Ev. 2325. We are

satisfied from the record that the defendants were prejudiced thereby.

Fred Perry, a witness for the plaintiff, was allowed to give his opinion as to the value of the dogs killed, and the defendants excepted. This ruling was without error; for the evidence sufficiently established his qualification, and a finding to that effect involved no misconception of the law. *Lincoln* v. *C. V. Railway Co.*, 82 Vt. 192, 72 Atl. 821, 137 Am. St. Rep. 998.

The exception to the testimony of Harry Allen is too insufficiently briefed to require attention. *Drown* v. *Oderkirk,* 89 Vt. 484, 96 Atl. 11; *In re Robinson's Estate,* 90 Vt. 328, 98 Atl. 826.

Some question is made in the brief in behalf of Clyde Cook as to the sufficiency of the service of the writ upon him, but as there is no exception in the record to which this is applicable, we pass it over. Other exceptions saved are not briefed.

As the only prejudicial error found in the record in our judgment affected only the amount of the recovery, the case will be sent back for a retrial on that question alone. *Kennett* v. *Tudor,* 85 Vt. 190, 81 Atl. 633.

*Judgment affirmed except as to damages, but reversed as to those and cause remanded.*