JOHN J. DANSRO *v.* SMITH SCRIBNER ET AL.

October Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ., and JEFFORDS, Supr. J.

Opinion filed November 12, 1936.

410

*Bert H. Stickney* and *Seymour P. Edgerton* for the defendants.

*Lindley S. Squires* for the plaintiff.

SHERBURNE, J.   This is an action of tort for the conversion of twenty-six head of cattle.   Verdict and judgment were for the plaintiff against all three defendants, and the case comes here upon their exceptions.

On November 13, 1935, at a time when the plaintiff was absent, the defendant Clarence Dansro and his brother Oliver, sons of the plaintiff, removed the cattle from plaintiff's farm and drove them to defendant Scribner's farm.   Defendant Benjamin assisted.   Scribner ran an auction advertisement under his name as owner in the *Rutland Herald* on December 2, 3, and 4, 1935, that he would sell fifty dairy cows, describing them, on his farm on December 4.   This number included all of the cattle removed from the Dansro farm and some of Scribner's own. The auction was held under Scribner's management and a part of the Dansro cattle and some of his own were sold.   On the day after the auction Scribner sold two of the Dansro cattle at private sale.   The remainder of the Dansro cattle remained upon the Scribner farm until the following March, when they were removed by the defendant Clarence Dansro.

At the close of all the evidence defendant Scribner moved that the court direct a verdict in his favor ''for the reason

that from all the evidence in the case, looked at in the most favorable light for the plaintiff, tends to show that he had nothing to do with the alleged conversion of these cattle.'' This motion was overruled and an exception saved. This exception is briefed upon the theory that the alleged conversion took place upon November 13, 1935, and the plaintiff claims that, as it was unnecessary to prove that the conversion took place upon the day alleged in the declaration, the motion was not sufficiently definite. We agree that it was unnecessary to prove that the conversion took place on the date alleged in the declaration. *Gordon* v. *Journal Publishing Co.*, 81 Vt. 237, 242, 69 Atl. 742; 1 Chit. Pl. (13th Am. ed. from 6th Eng. ed.) 257, 393. We have repeatedly held that a motion for a verdict must point out the precise ground on which it is predicated; otherwise it is not error to overrule it. *Castonguay* v. *Grand Trunk Ry. Co.*, 91 Vt. 371, 375, 100 Atl. 908, and cases cited. The moving party is bound to assist the court to an adequate understanding of the situation presented to the end that the court can make its ruling understandingly. *Grapes* v. *Willoughby*, 93 Vt. 458, 460, 108 Atl. 421. We are satisfied that the motion was sufficiently definite under the circumstances. During the trial the plaintiff was permitted to amend his declaration by changing the date of the alleged conversion from November 1, 1935, to November 13, and the court clearly understood that the conversion took place upon that date and so submitted the case to the jury as the time when the plaintiff claimed that the conversion took place.

■ ■ No question is made but that the other defendants were guilty of a conversion upon November 13, 1935; but to hold Scribner also guilty as a joint tort-feasor upon that date it must appear that he in some way participated in the removal of the cattle to the Scribner farm. *Ellis* v. *Howard*, 17 Vt. 330; *Myrick* v. *Downer*, 18 Vt. 360. A conversion, in the sense of the law of trover, necessarily involves something equivalent to an affirmative act as contrasted with a mere nonfeasance. *Manley Bros.* v. *Boston & Maine Railroad*, 90 Vt. 218, 221, 97 Atl. 674; *Oakdale Farms, Inc.* v. *Rutland R. R. Co.*, 104 Vt. 279, 281, 158 Atl. 678. All who aid the commission of a tort by another, or who approve of it after it is done, if done for their benefit, are liable in the same manner as they would be if they had done it with their own hands. *Mack* v. *Kelsey*, 61 Vt. 399, 401, 17 Atl. 780; *Adams* v. *Cook*, 91 Vt. 281, 285, 100 Atl. 42.

412

There is no claim that Scribner himself took any personal part in removing the cattle, nor is there any substantial evidence that he derived any benefit from the conversion. There is a claim made that he received a check for $110.00 for the board of the cattle, but it is not substantiated. However, it remains to be determined if Scribner did in fact aid in bringing the cattle to his farm at the time it was done. This necessitates going further into the facts which the plaintiff's evidence tends to show.

Scribner occupied the dwelling house upon his farm and Benjamin, his son-in-law, lived in the tenement house thereon. They testified that Benjamin was carrying on the farm under a gentlemen's agreement at the halves and that he was the manager and in sole charge. However, it appeared that Scribner, although he testified that he had retired from active farming, did considerable work upon the farm and hired and paid all the help. The ignorance displayed by Benjamin about the auction and what cattle were to be sold is also somewhat inconsistent wilth the claim that he was in sole charge. He knew that an auction was to be held but apparently did not know whether Scribner planned to sell the Dansro cattle or his own.

The principal issue at the trial was regarding the title to the Dansro cattle. Ownership was claimed by both the plaintiff and Clarence Dansro. On July 15, 1935, Clarence Dansro drove the cattle from the Dansro farm to the Scribner farm, and on the evening of that day the plaintiff came with an officer and drove them back. As he was out mowing Scribner did not see the cattle when they came, but he saw the plaintiff that night when he came for them. Clarence Dansro had worked for Scribner upon his farm several times, including a period in the summer of 1935. Scribner testified that he knew that Clarence Dansro and his brother Leon had been doing more or less of a cattle business and that he had talked it over with them, and that while Clarence was working for him he would talk about his purchases and sales. Scribner testified that he did not know of his own knowledge how the Dansro cattle happened to come to his farm on November 13, 1935, and that he didn't know they were there until he saw them in his yard, and that he did not then order them away. Benjamin, however, admitted that he had talked with Clarence several times about bringing the cattle to the Scribner farm and knew that they were coming on that

day. Scribner disclaimed any knowledge prior to the suit that the plaintiff claimed to own the cattle, although there was evidence that the plaintiff told him of his claim to the cattle before the auction, and although he admitted that he supposed the fact that the plaintiff came after the cattle in the previous July indicated that he wanted them at home.

■ ■ Scribner's connection with the auction and the subsequent private sale, standing alone, is not inconsistent with his being innocent of any connection with the act of bringing the cattle to his farm, however clearly it may show that he was guilty of a subsequent conversion. Nor taking this and the other facts and circumstances, which we have narrated, all into consideration, can any reasonable inference be drawn that Scribner took any part in bringing the cattle there. The most that is presented is a ground for conjecture and that is not enough. *Durkee* v. *Delaware & Hudson R. R. Co.*, 106 Vt. 488, 494, 174 Atl. 921, and cases cited. A verdict should have been directed for defendant Scribner.

■ The defendants in their brief claim the benefit of an exception to the admission of an answer given by defendant Scribner in cross-examination. This answer was given over objection but no exception was saved. We will not consider the point as it does not appear that an exception was even asked for. *Gilfillan* v. *Gilfillan's Estate*, 90 Vt. 94, 98, 96 Atl. 704; *Underwood* v. *Cray*, 94 Vt. 58, 60, 108 Atl. 513.

During the direct examination of the plaintiff in rebuttal he was asked about a conversation he had had with Leon Dansro about some calves that Leon had brought to the Dansro farm. This was excluded as hearsay. Plaintiff's counsel then stated: "In view of the fact that the plaintiff claims a purchase of the calves from Leon and to meet the testimony of Leon that he, Leon, owned those calves, we offer to show by Mr. Dansro that in the fall of 1930, the discussion came up of a sick calf in which Leon said to his father 'They are yours, to do what you wish with them.'" The court then asked if that was one involved in this suit, and being answered "Yes," said, "Take the answer," and defendants saved an exception upon the ground that any talk Leon had with his father was inadmissible. No answer was taken to the then pending question, but the matter of the offer was developed in the three next questions and answers given without further objection or exception, in which it appeared that

the plaintiff wanted to get rid of the sick calf and Leon said, ''Don't keep her if you don't want her, she is yours, you can do what you want to with them.''

█ █ Defendants do not now claim that this evidence was inadmissible upon the offer, so we need not pass upon that phase of the matter, but the defendants do claim here that the record is devoid of evidence which connects these calves with any of the cattle involved in the suit and that in the absence of a connection such evidence should not have been received. If the evidence did not then make the connection, defendants should have objected upon that ground, or have either asked that the connection be made before the evidence was received or have later moved to strike it out if it was not finally connected up. Moreover, if there was error, we fail to see in what manner the defendants have been prejudiced. The plaintiff had previously testified without objection to Leon's bringing the calves and saying when he unloaded them, ''There, you raise them and you will have some cows some time.''

*Judgment against Smith Scribner reversed, and judgment that he recover his costs. Judgment against the other defendants affirmed.*