JOSEPH H. GIGUERE, ADMR. v. ROBERT ROSSELOT ET AL.

November Term, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 3, 1939.

*Porter, Witters & Longmoore, Arthur L. Graves* and *Wm. S. Burrage, Jr.,* for the defendants.

*Conant & Parker* for the plaintiff.

SHERBURNE, J. This case has come here before final judgment. It is an action of tort against three defendants, two of whom, Robert Rosselot and Noel Noyes, are minors, and the third, Eugene Rosselot, Sr., is the father of said Robert, and is brought by the administrator of Sarah M. Giguere to recover damages suffered by the said Sarah in her lifetime as a result of a fatal shooting accident, and damages resulting from her death to her husband and next of kin. The fatal shot was fired from the dwelling house, or premises adjacent, of the defendant Eugene, located in the compact part of the village of St. Johnsbury, while the said Sarah was walking upon a public sidewalk therein.

Count one of the declaration alleges in substance that it was the duty of the said Eugene to take care to prevent the said Robert from having access to, and not to provide him with, firearms, said Robert being a child and not a suitable person to handle firearms; yet regardless and unmindful of such duty he carelessly and negligently intrusted and made accessible to said Robert a rifle and cartridges for the same, which in said Robert's hands were likely to cause death; and that as a consequence of such carelessness and negligence the said Robert, with the aid, assistance and abetting of the said Noel, took possession of said rifle and cartridges, and after sundown wantonly and willfully pointed and fired said rifle in the direction of the sidewalk upon which the said Sarah was walking, as the defendants then knew

or ought to have known, and intentionally pointed said rifle towards her; and that such pointing and firing of the rifle were willfully countenanced, abetted and incited by the said Noel, who also wantonly and willfully pointed and fired said rifle in the direction of said sidewalk and intentionally pointed the rifle towards the said Sarah; and that as a consequence the said Sarah was wounded by a bullet shot from said rifle, and subsequently died.

Count three alleges in substance that after sundown the said Robert and Noel were possessed and in control of a rifle and cartridges, which were wantonly, carelessly and negligently provided and made accessible to them by the said Eugene, who knew or ought to have known that said Robert and Noel were incapable of handling the same with safety; that it was the duty of said Robert and Noel not to fire said rifle carelessly within the limits of the village of St. Johnsbury, and to use it carefully so as not to injure another person, and not to point it towards other persons; yet wholly regardless of such duty the said Robert and Noel carelessly and negligently caused said rifle to be discharged, and repeatedly fired the same without regard to, and wholly unmindful of, the safety of other persons, and pointed the same at, and in the direction of, the said Sarah and the public street where she was walking; and the said Noel aided, abetted and incited, countenanced and advised the said Robert in such shooting, and the said Robert aided, abetted, incited, countenanced and advised the said Noel in such shooting; and in consequence the said Sarah suffered injuries whereof she later died.

Count four alleges in substance, that after sundown while the said Sarah was walking on the public sidewalk, the said Robert and Noel were firing and pointing said rifle in the direction of the public highway to the great annoyance of, and danger to, the safety of persons residing upon and passing upon said highway; that in the pointing and shooting of said rifle the said Robert and Noel aided, incited, encouraged, contenanced and abetted each other; that theretofore the said Eugene had furnished means and facilities for the aforesaid conduct of the said Robert and Noel, and had aided and abetted the same by making available to them said rifle and cartridges which he knew or ought to have known constituted a dangerous instrument

likely to cause injury and death to members of the public while in the hands of the said Robert and Noel, and by furnishing and making available to them said rifle and cartridges by leaving them within their reach and control in premises occupied and controlled by him; and that the placing of said rifle and cartridges within the control of said Robert and Noel, and the furnishing and making of the same accessible to them, and the pointing and firing of said rifle constituted a great danger to the public and said Sarah and a public and private nuisance, in consequence of which and by which said Sarah was injured by a shot fired from said rifle, etc.

The questions for review are those raised by the exceptions to the overruling of the demurrers to these counts.

██ It is contended that the said Eugene cannot be guilty of actionable negligence in permitting his minor son, Robert, to have possession of firearms whereby the said Sarah suffered injury. Parents are not liable for torts committed by their minor children without participation in the fault by the parent. 20 R. C. L. 627. But they may be guilty of actionable negligence in intrusting, or in making a firearm accessible, to a minor child who lacks capacity properly to use it, under the rule that a father's conduct in permitting his minor child to have, or have access to, a dangerous instrumentality, which the child uses to the damage of another, may be negligence, and that such negligence may be the proximate cause of the injury. *Dickens* v. *Barnham,* 69 Colo. 349, 194 Pac. 356, 12 A. L. R. 809; *Phillips* v. *Barnett,* 2 N. Y. City Ct. Rep. 20; *Salisbury* v. *Crudale,* 41 R. I. 33; 102 Atl. 731; *Sullivan* v. *Creed,* 2 Ir. R. 317, 2 B. R. C. 139; *Sousa* v. *Irome,* 219 Mass. 273, 106 N. E. 998; *Charlton* v. *Jackson,* 183 Mo. App. 613, 167 S. W. 670; *Meers* v. *McDowell,* 110 Ky. 926, 62 S. W. 1013, 53 L. R. A. 789, 96 A. S. R. 475; *Vallency* v. *Rigillo,* 91 N. J. Law, 307, 102 Atl. 348.

In *Dickens* v. *Barnham, supra,* an action against a minor and his parents for negligence where the judgment against the boy and his father was affirmed, a father permitted one of his sons, 14 years of age, to purchase and have a rifle and to take care of it, but took no means to make it inaccessible to the younger children, and a younger son, 8 years old, and the other children sometimes played with it. This younger son took it and while he was carelessly and negligently firing it, the plaintiff was hit

by a stray bullet. It was held that the jury could find that the father was negligent and that his negligence was the cause of the injury, and that a father may be liable on the ground that his own act in permitting the child to have access to some instrumentality potent for mischief is, in view of the child's want of capacity properly to manage it, the proximate cause of the injury. In *Phillips* v. *Barnett, supra,* the defendant kept a loaded revolver in an unlocked bureau drawer, from which his 12-year-old son obtained it, and while handling it shot a person. The jury were charged that if, under the circumstances, they found that the defendant was negligent in placing a loaded revolver in an unlocked bureau drawer, within the reach of children too young to understand its danger, and that such negligence resulted in injury to the plaintiff, the defendant was liable for the consequences; that while a parent is not liable for the tortious or negligent acts of his minor children, he is liable for his own want of care where it results in damage to another. In *Salisbury* v. *Crudale, supra,* a loaded gun was left under a bed and found by a son 13 years of age, and it was held that whether the defendant was negligent in allowing his son to get possession of it, and whether such negligence was the cause of the injury, were questions for the jury. In *Sullivan* v. *Creed, supra,* the defendant left a gun loaded standing inside a fence on his lands, beside a gap from which a private path led over his lands from the public road to his house, and his 15-year-old son coming from the road through the gap on his way home found the gun, went back with it to the road, and not knowing that it was loaded, pointed it, in play, at the plaintiff, who was on the road, and the gun went off, and the plaintiff was injured. It was held that the defendant was liable for the injury. In *Sousa* v. *Irome, supra,* it was held that the jury could find that the defendant was negligent in allowing his son to have the gun and ammunition, that the son was not a fit person to be trusted with them, and that the son's act was either wrongful or negligent, and was one which the defendant ought to have foreseen and guarded against. The other cases cited are to the same tenor. *Charlton* v. *Jackson, supra,* was an action against the minor and his parents and all were held. *Vallency* v. *Rigillo, supra,* was a case where the child found some dynamite cartridges in its home.

█ The defendant Eugene contends that the declaration is faulty because it is not alleged that he was present, or that he knew his son had the rifle or had ever previously used it, or that the son fired the fatal shot with his knowledge, consent or sanction, or in the course of his employment. Such allegations are unnecessary. The gist of the father's liability is his own wrong in allowing his minor incapable son to have the rifle, or access to it, whereby the damage proximately resulted.

█ It is also contended that there is a misjoinder of the father with the two boys, but all that is said about this is that, had the father employed the son to use the rifle, he could not have been joined with his son for injuries inflicted by the son in shooting it. It is sufficient merely to say that this claim is not applicable here. It is well settled that there may be more than one proximate cause of an injury. *Hunter* v. *Preston,* 105 Vt. 327, 336, 166 Atl. 17; *Woodcock's Admr.* v. *Hallock,* 98 Vt. 284, 289, 127 Atl. 380; *Spinney's Admx.* v. *Hooker & Son,* 92 Vt. 146, 155, 102 Atl. 53. And "whenever the separate and independent acts or negligence of several persons, by concurrence, produce a single and indivisible injury which would not have occurred without such concurrence, each is responsible for the entire result, and may be sued jointly or severally, at the election of the party injured. In such cases, the act or neglect of each is a proximate and efficient cause, and when several proximate causes contribute to an injury, and each is an efficient cause, without the operation of which the injury would not have been caused, it may be attributed to any or all of such causes." *Town of Sharon* v. *Anahama Realty Corp. et al.,* 97 Vt. 336, 123 Atl. 192; *Hunter* v. *Preston, supra.* And it makes no difference that the acts of one or more were negligent and the acts of the others were intentional wrongful acts. *Coldwell* v. *Lang,* 105 Vt. 359, 368, 166 Atl. 10.

█ But it is said that the two boys cannot be joined as defendants, as under the rule of *Landry* v. *Hubert,* 100 Vt. 268, 274, 137 Atl. 97, the real test is whether each had an equal right to govern and direct the conduct of the other in respect to a common undertaking in which they have a community of interest in its object and purpose. The doctrine of joint enterprise in the above sense is not applicable to the situation here. This doctrine simply lays down a rule whereby in certain circumstances

the negligence of one person may be imputed to another. In *Campbell* v. *Campbell,* 104 Vt. 468, 162 Atl. 379, 85 A. L. R. 626, a case in which we held that this doctrine does not apply in actions between the parties to a joint enterprise, this subject is discussed, and Shearman & Redfield on Negligence, vol. 1 (6th ed.) § 65a is quoted as follows: "The doctrine of imputed negligence is that in certain relations there shall be visited upon the plaintiff the negligence of another concurring with that of the defendant so as to defeat the action. It is peculiar to contributory negligence and can be invoked only where the negligence of another, for which the plaintiff is responsible, besides that of the defendant, proximately contributes to the injury." § 491 of the Rest. of Torts under the title "Joint Enterprise" says: "Any one of several persons engaged in an enterprise is barred from recovery against a negligent defendant by the contributory negligence of any other of them if the enterprise is so far joint that each member of the group is responsible to third persons injured by the negligence of a fellow member."

Whether each of these boys had an equal right to govern and direct the conduct of the other is immaterial. It is charged that they acted together, or aided each other in the use of the rifle. All who aid in the commission of a tort are liable in the same manner as they would be if they had done it with their own hands. *Dansro* v. *Scribner,* 108 Vt. 408, 411, 187 Atl. 803; *Adams* v. *Cook,* 91 Vt. 281, 285, 100 Atl. 42; *Mack* v. *Kelsey,* 61 Vt. 399, 401, 17 Atl. 780.

P. L. 8416 provides: "A person who intentionally, without malice, points a firearm towards another person, shall be fined not more than fifty dollars nor less than five dollars. If he discharges such firearm so pointed without injury to another person, he shall be imprisoned not more than one year or fined not more than one hundred dollars, or both." P. L. 8417 provides: "If he maims or injures another person by the discharge of such firearms so pointed, he shall be imprisoned not more than two years or fined not less than fifty dollars; and the person maimed or wounded by the discharge of such firearm, or the heirs or representatives of a person killed by such discharge, may have an action of tort, on this statute, against the party offending and recover damages therefor." Because of these provisions the defendants claim a misjoinder of causes of action

and of parties. The answer is, that since the elimination of count two of the declaration, which was based upon P. L. 8417, the remaining counts are based upon P. L. 2856 providing for survival of causes of action, so far as the damages suffered by the decedent in her lifetime are concerned, and upon P. L. 2859 and 2860, which provide for an action by the personal representative of a deceased person to recover such damages as are just, with reference to the pecuniary injuries resulting to the surviving widow or husband and next of kin from the death of such person, when such death is caused by the wrongful act, neglect or default of a person, under such circumstances that if death had not resulted the injured person could have recovered damages therefor.

But it is claimed that under the rules of statutory construction the defendant minors, if liable at all, are liable under the provisions of P. L. 8417, because that is a special statute, whereas P. L. 2859 and 2860 are general, and that to the extent of any repugnancy between them the special will prevail over the general. To determine to what extent, if any, the provisions of P. L. 8416 and 8417 apply here it is necessary to ascertain the intention of the Legislature. These provisions were first enacted by No. 30 of the Acts of 1872, and have been carried forward into all subsequent revisions of the statutes. By a later statute, No. 164 of the Acts of 1931, now P. L. 8414, it is provided: ''A person who carelessly or negligently wounds another person by gun shot shall be imprisoned in the house of correction not more than five years or fined not more than one thousand dollars, or both.'' If P. L. 8417 might once have been construed to cover a case of negligent shooting it is manifest that such a construction would now be repugnant to P. L. 8414, under which a much severer penalty may be imposed. The later act contains no express words of repeal, and repeals by implication are not favored; but if there are two statutes on the same subject, the later operates as a repeal of the first so far as the repugnancy exists, but no further. The latest expression of the legislative will must prevail. *Hogaboon* v. *Town of Highgate,* 55 Vt. 412, 414; *Town of Hartland* v. *Damon's Est.,* 103 Vt. 519, 528, 156 Atl. 518. The result is that P. L. 8417 does not apply in cases of negligent shooting injuries. To the extent, therefore, that the declaration alleges that the boys were negligent that statute is of no concern.

Nor does it apply to their willful acts as such acts imply malice, contrary to the provisions of P. L. 8416, which only applies in the absence of malice. "Malice, although in its popular sense it means hatred, ill will or hostility to another, yet, in its legal sense, has a very different meaning, and characterizes all acts done with an evil disposition, a wrong and unlawful motive or purpose; the willful doing of an injurious act without lawful excuse." Shaw, C. J., in *Com.* v. *York,* 9 Metc. (Mass.) 93, 104, 43 A. D. 373. It is involved in the intentional doing of a wrongful act, in disregard of what one knows to be his duty, to the injury of another. *Wellman* v. *Mead,* 93 Vt. 322, 340, 107 Atl. 396; *Partridge* v. *Cole,* 96 Vt. 281, 285, 119 Atl. 398, 32 A. L. R. 854.

It is insisted that the writ is defective in that it is brought in the personal name of the plaintiff, because the addition of the term administrator in no wise helps. It fairly appears that the plaintiff sues as administrator, and that is all that is necessary. *Pope, Admr.* v. *Stacy,* 28 Vt. 96; *Trask* v. *Karrick,* 87 Vt. 451, 89 Atl. 472.

It is further insisted that there is a misjoinder of causes of action because a cause of action for damages done the decedent in her lifetime is joined with a cause of action for damages to the surviving husband and next of kin, all in one count. It is probably preferable to follow the procedure employed in *Ranney, Admr.* v. *St. Johnsbury & Lake Champlain Railroad Co.,* 64 Vt. 277, 24 Atl. 1053, and put each cause of action in a separate count, but where, as here, the grounds alleged are the same for each cause of action, the items of damage can be separately assessed by special verdicts as well as if there were separate counts.

A number of minor alleged defects in the several counts are pointed out in the defendants' brief, but the questions raised are not supported by argument or citation of authority, and so will not be considered. *Dependents of Vlahos* v. *Rutland Restaurant,* 104 Vt. 188, 190, 157 Atl. 832, and cases cited. All questions properly presented have been answered by what we have said. No error appears.

*Judgment overruling the defendants' demurrers affirmed, and cause remanded.*