GEORGE L. TUPPER *v.* CASSIUS I. WILSON.

Special Term at Rutland, November, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 6, 1942.

*Edwards & Bigelow* for defendant.

*E. Leonard Pearson* (*Herbert G. Barber* and *Douglas L. Tupper* on brief) for plaintiff.

BUTTLES, J. The plaintiff brought this action in general assumpsit with specifications in Bellows Falls Municipal Court. Trial by jury resulted in verdict and judgment for the plaintiff and the defendant comes to this court on two exceptions.

■ Plaintiff was a witness in his own behalf and was asked on cross examination: "And over a period of time you get results for your clients?" Objection on the ground of immateriality was sustained and exception saved by the defendant. The plaintiff was then asked: "You have been able to successfully negotiate loans from government agencies?" Objection being made, the court after inquiry as to the purpose of the question, excluded it but no exception was asked for or noted, and so the admissibility of the question is not here for consideration. *Flint et ux.* v. *Davis et ux.*, 110 Vt. 401, 405, 8 Atl. 2d. 671; *Dansro* v. *Scribner et al.*, 108 Vt. 408, 413, 187 Atl. 803.

■ The questions asked in cross examination immediately before the excluded question were directed to the plaintiff's experience in making application for loans from government lending agencies, a matter as to which it does not appear that he had testified in direct examination. The defendant had pleaded by his answer the defense that payment for services rendered by the plaintiff was, by their agreement, made contingent upon his success in obtaining a government loan and that he did not succeed in so doing. The answer contained no allegation as to plaintiff's experience or previous success or failure in that work, or of any knowledge of the defendant or representations of the plaintiff in regard thereto. There was no offer to show that the defendant had such knowledge. The defendant now says that the excluded question had a bearing on the credibility of the witness, but this is not the ground upon which the exception was saved and is not here for consideration.

Anyway an examination of the transcript does not indicate that the question had any tendency to assail the credibility of the witness. This exception is not sustained.

The defendant also briefs an exception to the judgment on the ground that the verdict and judgment for the sum of $385.05 exceeded the amount called for by the specification and warranted by the evidence, which was $358.05 only.

The defendant is apparently in error in the statement upon which he bases this exception. The original verdict signed by the foreman is in the files, to which we may refer. *State* v. *Gosselin,* 110 Vt. 361, 364, 6 Atl. 2d. 14; *Spaulding* v. *Warner,* 57 Vt. 654, 658; *Wheelock* v. *Sears,* 19 Vt. 559. This verdict is for the sum of $358.05. Nothing appears as to the amount of the judgment except the direction of the court as appears from the transcript "judgment to the plaintiff on the verdict." We assume that this order was complied with.

*Judgment for $358.05 affirmed.*