EVERETT W. BICKFORD

*vs.*

ALVIN BRAGDON

Piscataquis.   Opinion, November 18, 1953.

*Anthony J. Cirillo,* for Plaintiff.

*Lester A. Olson,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, WEBBER, JJ.

WEBBER, J. This was an action of trover for sheep. By agreement of the parties the matter was committed to reference with the right of exceptions reserved as to questions of law. The referee found, after hearing, that on July 22, 1952 the plaintiff's sheep went upon the land of the defendant and damaged the defendant's garden; that the defendant distrained the sheep and gave the required statutory notices, claiming a lien; that on the same day the plaintiff demanded the sheep and the defendant demanded damage and refused to release the sheep; that after giving the statutory notices defendant did nothing further to perfect his lien, but

on August 2, 1952 defendant brought an action of trespass against plaintiff and attached the sheep and pursued that action to a final judgment of two hundred dollars. The referee found for the plaintiff and assessed damages. Defendant seasonably filed written objections to acceptance of the referee's report. The court below accepted the report of the referee and the matter now comes before us on defendant's exceptions to that action.

The allegation in plaintiff's writ was that a conversion occurred on July 25, 1952. The defendant filed the general issue and by a brief statement set up in substance that on July 25, 1952 he took up the sheep as strays and doing damage, claiming a statutory lien therefor; that on July 26, 1952 he gave the required statutory notice to the Town Clerk; that on July 30, 1952 he caused to be posted the required statutory notice in a public place; and that on August 14, 1952 he published the required statutory notice in a newspaper, and thereby set up as a defense to a claim of conversion a right to possession under a lien.

The defendant's bill of exceptions does not include as a part thereof any record of the whole evidence before the referee. The defendant has incorporated in his bill of exceptions by reference certain exhibits, but it nowhere appears in the bill of exceptions that these exhibits comprise the whole of the evidence or even that they comprise all of the evidence bearing upon the issues sought to be raised by the bill of exceptions. It is obvious that the findings of the referee rested in part upon evidence, oral or otherwise, which is not now before us. Plaintiff's counsel in his brief suggests that there was no reporter present at the hearing before the referee and no record of the oral testimony heard by the referee was made.

There are nine exceptions set out in the bill and they are duplicates of the nine objections to acceptance of the ref-

eree's report which were presented for the consideration of the court below.

## EXCEPTIONS I, II, AND III

The first three exceptions set out in substance that the report of the referee is (1) against the law, (2) against the evidence, and (3) against the weight of the evidence. Exceptions as thus stated are general and not specific and cannot be considered. *Throumoulos* v. *Bank of Biddeford,* 132 Me. 232.

## EXCEPTIONS IV AND V

The fourth and fifth exceptions in substance seek to set aside findings of fact by the referee, (1) that the conversion occurred on July 22, 1952, and (2) that the defendant gave notice to the Town Clerk on July 22, 1952. Nowhere in these two exceptions is it set out that there was *no evidence before the referee tending to establish those facts,* and only thus can an issue of law be raised. *Staples* v. *Littlefield,* 132 Me. 91. Questions of fact once settled by referees, if their findings are supported by any evidence, are finally decided. It may be noted in passing, however, that whether the date of notice to the Town Clerk was July 22, 1952 or July 26, 1952 was entirely immaterial in view of the fact that notice on either date was seasonable and a different finding of fact as to that could not have changed the result.

## EXCEPTION VI

This exception asserts in substance that it was error in law to find that the trespass action begun by defendant against plaintiff on August 2, 1952 was an alternative remedy under the meaning of R. S., 1944, Chap. 165, Sec. 19. Upon careful examination of this exception it becomes apparent that here again defendant is in reality seeking review of a finding of fact. The theory of the defendant apparent

in this exception and apparent as a thread running through the entire bill of exceptions is that the sheep trespassed once on July 22, 1952, for which ultimately suit in trespass was brought, and that they trespassed again on July 25, 1952, for which remedy was sought by distraint and lien. The facts, however, are not so found by the referee, who, in effect, found but one act of trespass by the sheep and that on July 22, 1952. The referee found that thereafter the sheep remained in the hands of the defendant by distraint, and the two remedies employed by the defendant, distraint and lien on the one hand, and an action for trespass on the other, *were for but one single trespass*. For the reasons already stated, these findings of fact will not be set aside.

## EXCEPTION VII

This exception sets out in substance that by the giving of the notices required by R. S., 1944, Chap. 165, Sec. 11 to 19 inclusive, pursuant to the taking up of the sheep, the defendant has fully justified his taking and that it was error in law for the referee to find a tortious conversion. In the days of pounds and pound keepers, one remedy in the case of beasts astray and doing damage was by distraint, lodging in the pound, lien, appraisal and public sale. R. S., 1883, Chap. 23, entitled "Pounds, and Impounding Beasts" provided the remedy. Section 4 of that chapter provided the alternative remedies of lien to be acquired either by distraint and proceedings pursuant thereto, or by an action of trespass and attachment of the beasts. In P. L., 1903, by Chap. 40, pounds and pound keepers were abolished and R. S., 1883, Chap. 23, was repealed save only Section 4. The same Legislature (P. L., 1903, Chap. 36) merged into one law provisions for rights and duties to arise upon the finding of money or goods, upon the finding of stray beasts, and upon the trespass of stray beasts doing damage. Sec. 10 of that new law was, in fact, with but the change of a few words, the old alternative remedy for damage by stray beasts which

had appeared as R. S., 1883, Chap. 23, Sec. 4. The one difference noted was that the old Section 4 employed the words, "by distraining any of the beasts doing it, and proceeding as hereinafter directed," whereas the new Section 10 substituted the words, "by taking up any of the beasts doing it, and giving the notice provided in Sec. 2." In the revision of the statutes thereafter, the Legislature merged the old Section 4 into the new Section 10 by adopting the wording of the latter (R. S., 1903, Chap. 100, Sec. 19). The historical development of the statutes which now appear as R. S., 1944, Chap. 165, Secs. 10-19 inclusive, captioned "Lost Goods and Stray Beasts," indicates clearly that one damaged by stray beasts may have a lien by distraint or by attachment in an action of trespass; but if by distraint, there must be compliance with the requisites of notice as required by Section 11, appraisal as required by Section 12, retention for two months before any sale as required by Section 13, sale by public auction after notice as provided by Section 15, and deposit and disposition of proceeds as provided by Sections 14 and 16. Section 19 of the present law provides as follows:

> "Any person injured in his land by sheep, swine, horses, asses, mules, goats, or neat cattle, in a common or general field, or in a close by itself, may recover his damages by taking up any of the beasts doing it, and giving the notice provided in section 11, or in an action of trespass against the person owning or having possession of the beasts at the time of the damage, and there shall be a lien on said beasts, and they may be attached in such action and held to respond to the judgment as in other cases, whether owned by the defendant or only in his possession. If the beasts were lawfully on the adjoining lands, and escaped therefrom in consequence of the neglect of the person suffering the damage to maintain his part of the partition fence, their owner shall not be liable therefor."

Section 13 provides as follows:

> "If the owner of such lost money or goods appears within 6 months, and if the owner of such stray beasts appears within 2 months after said notice to the town clerk, and gives reasonable evidence of his ownership to the finder, he shall have restitution of them or the value of the money or goods, paying all necessary charges and reasonable compensation to the finder for keeping, to be adjudged by a justice of the peace of the county, if the owner and finder cannot agree."

We hold that the word "charges" as it appears in the phrase "paying all necessary charges" as used in Section 13 includes such damages as may arise from the trespass, and if the owner and finder cannot agree on the amount, the same will be adjudged by a Justice of the Peace of the county as required by Sections 13 and 16. Thus by compliance with the several applicable sections of the present law, a lien begun by distraint is by an orderly process reduced to money or property in the hands of the injured party. The remedies of distraint and of suit in trespass are alternative and mutually exclusive. In *Mosher* v. *Jewett*, 59 Me. 453, at 456, Justice Danforth said, "He may distrain the animals doing the mischief, and proceed as thereinafter directed, or he may have an action of trespass. In the former case, the remedy is not by distraint alone, but by that and such subsequent proceedings as are provided in the same Chapter." The "chapter" referred to was R. S., 1883, Chap. 23.

When on July 22, 1952 the plaintiff's sheep strayed upon the defendant's land doing damage, the defendant had two courses of action open to him. He elected to take up the sheep and claim his lien for the damage, as he had a right to do. He began seasonably the giving of the statutory notices. He properly recognized that the beasts had a value of more than $10 and that he was therefore required to publish a notice in compliance with the provisions of Sec. 10 and Sec. 11 of R. S., 1944, Chap. 165. Before he published that

notice in a newspaper on August 14, 1952 he abandoned that remedy, and on July 31, 1952 brought his action in trespass and on August 2, 1952 attached the sheep thereon, and thereafter pursued that remedy to final judgment. Moreover, he had not then taken any of the other steps in compliance with the statutes to perfect his lien. Upon his election to abandon his first remedy and pursue the second, he lost his lien by distraint *from its inception* and could no longer justify his first taking by a showing of distraint and lien.

> "The defendant justifies the taking, and must sustain that justification by the law. He must show a full and entire compliance with the requisitions of the Statute. If he does not do it, *he becomes a trespasser ab initio.*" (Emphasis supplied)

*Morse* v. *Reed,* 28 Me., 481.

And to the same effect *Sherman* v. *Braman,* 54 Mass. 407. There was then no error on the part of the referee in finding the conversion as a matter of law and defendant takes nothing by his seventh exception.

## EXCEPTION VIII

This exception sets out in substance that there was *no evidence* to sustain the finding of the referee that the defendant abandoned one statutory remedy and resorted to an alternative statutory remedy. Here again the defendant incorporates into the exception by reference the writ in his trespass action alleging trespass by beasts on July 22, 1952, and the several notices which aver that the defendant took up the sheep on July 25, 1952. We recognize that there are instances in which the record of the whole evidence need not be incorporated in a bill of exceptions. See *Bradford* v. *Davis, et al.,* 143 Me. 124. It is unnecessary to say here what our holding would have been if the documentary evidence incorporated in the bill of exceptions had been of such nature as to be finally conclusive of the facts, but here they

are not so. That the notices were given is true as certified by the court below in allowance of the exceptions, and as found by the referee. It does not follow that facts stated by those notices, which are in essence declarations of the defendant published by him, are either true or binding or conclusive upon the referee. Here then is an instance where the general rule applies as well stated in 45 Am. Jur. 568, Sec. 37, "Where the evidence is not reported, the findings (of fact) are final and cannot be disturbed." In *Bernstein* v. *Ins. Cos. and Maccabees,* 139 Me. 388, at 391, our court said: "In this jurisdiction, questions of fact once settled by referees, if their findings are supported by any evidence, are finally decided. They and they alone are the sole judges of the credibility of the witnesses and the value of their testimony." The second sentence of the quotation emphasizes the reason for the necessity for a report of the whole evidence in any case where a review of findings of fact is sought and those portions of the evidence selected by the defendant for incorporation in the bill of exceptions are not in and of themselves conclusive of the facts. The same general principle was relied upon in *Benjamin et al.* v. *Chemical Co.,* (Miss.) 87 So. 895, when the court said: "We are unable to say that the testimony taken in the absence of the stenographer was of no effect, or that it would not change the effect of the evidence of said witness as a whole." In the absence of opportunity to examine the whole evidence before the referee, we cannot say that there was *no evidence to sustain his findings of fact.*

## EXCEPTION IX

This exception sets out in substance that the plaintiff's writ in trover having alleged a conversion on July 25, 1952, and the defendant's pleading, including brief statement, having alleged a taking up of the beasts on July 25, 1952, the date was thereby made material and there was required an adjudication of rights as of July 25, 1952.

It is unnecessary to prove in trover that conversion occurred on the date alleged in the writ if the proof discloses a conversion prior to suit and within the Statute of Limitations. *Dansro* v. *Scribner*, 108 Vt. 408, 187 A. 803; 53 Am. Jur. 939, Sec. 170; 65 C. J. 83, Sec. 136. It is apparent that allegations of the parties in their pleadings in this case yielded to the proof in the mind of the referee and his findings will not be set aside.

The entry will be,

*Exceptions overruled.*